**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CRYSTAL POWELL, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 26 C 3401 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| VILLAGE OF LANSING IL, | ) | |
| et al., | ) | |
| | ) | |
| *Defendants.* | | |

**OPINION & ORDER**

On March 27, 2026, Plaintiff Crystal Powell filed a *pro se* Complaint (Dkt. 1), application to proceed *in forma pauperis* ("IFP") (Dkt. 4), and a request for attorney representation (Dkt. 5). Judge Joan B. Gottschall, presiding over the case at the time, dismissed Powell's Original Complaint for failure to comply with Federal Rule of Procedure 8. (Dkt. 9). On April 10, 2026, Powell filed an Amended Complaint. (Dkt. 10). Six days later, Powell filed a Motion to Stay State Court Proceedings, a Motion for a Protective Order for Defendant Ladarius Nolan, and a Motion for an Ex Parte Temporary Restraining Order. (Dkts. 14-16). For the following reasons, the Court denies Powell's IFP application [4] and request for attorney representation [5] without prejudice. The Court also dismisses Powell's Amended Complaint [10] without prejudice for failure to state a claim. Finally, the Court denies Powell's Motion to Stay [14], Motion for a Protective Order [15], and Motion for a Temporary Restraining Order [16].

## I.  IFP, Attorney Representation, and Screening of Complaint

Title 28 U.S.C. § 1915(a) permits the Court to authorize a civil plaintiff to proceed IFP if she is unable to pay the $405 mandated filing fee. *See Coleman v. Tollefson*, 575 U.S. 532, 534

1

(2015). The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Powell is eligible to proceed IFP if paying the filing fee would prevent her from purchasing the necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

In her IFP application, Powell left the sections blank asking about her marital status and other sources of income. (Dkt. 4 at 1). As such, her application leaves the Court without sufficient information to accurately assess her ability to pay. *See Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014) ("Proceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing [her] ability to pay."). Powell also failed to respond to most of the questions on her application for attorney representation, including whether she has made any attempt to retain counsel. (Dkt. 5). The Court needs this information to determine whether to grant her request. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Accordingly, Powell's IFP application and request for attorney representation are denied without prejudice.

Section 1915(e)(2) requires the Court to screen Powell's complaint and to dismiss it if at any time the Court determines the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must "give the defendant 'fair notice of what the . . . claim is and

2

the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)). At this stage, the Court accepts all well-pleaded facts as true and "draw[s] all reasonable inferences in the [plaintiff's] favor." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 878 (7th Cir. 2022). The Court liberally construes a *pro se* plaintiff's allegations in a complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Powell brings her Amended Complaint against the Village of Lansing, Alfred Phillips, Montana Welch LLC, John P. Wise, and Ladarius Nolan. (Dkt. 10 at 1). She claims Defendants engaged in a "coordinated conspiracy to deprive [her] of her First Amendment rights." (*Id.*). Upon the Court's initial review, Powell's Amended Complaint must be dismissed under § 1915(e)(2) because she fails to state a claim on which relief may be granted. Federal Rule of Civil Procedure 8(a)(3) requires that a complaint contain "a demand for relief sought." Powell does not identify what relief, if any, she is seeking against Defendants. This alone warrants dismissal. *See, e.g., Ismie Mut. Ins. Co. v. United States Dep't of Health & Hum. Servs.*, 2005 WL 8179075, at *2 (N.D. Ill. Sept. 23, 2005) (dismissing complaint under Rule 8(a)(3) for failure to demand relief); *Taffour v. Jesus House Chicago*, 2022 WL 22894737, at *2 (N.D. Ill. Jan. 7, 2022) (dismissing complaint where plaintiff's demand for "justice" did not constitute a proper demand for relief under Rule 8(a)(3)).

Furthermore, Powell cites no laws or case law aside from brief mentions of the First Amendment. (Dkt. 10 at 1, 5-6). She references retaliation, deliberate indifference, conspiracy, and harassment, but her allegations are often conclusory and difficult to understand. While a *pro se* litigant's complaint does not need to point to the appropriate statute or law to raise a claim, *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992), it must "explain how a defendant

3

violated the law in a way that can support a lawsuit." *Wolinsky v. Aetna Ins. Co.*, 2018 WL 10550783, at *2 (N.D. Ill. Nov. 19, 2018). As pleaded, the Amended Complaint does not give Defendants fair notice of what the claims are or the grounds upon which they rest. *See Twombly*, 550 U.S. at 555. Therefore, the Amended Complaint is dismissed without prejudice.

## II. Emergency Motions

### a. Motion to Stay

In Powell's Emergency Motion for Stay of State Court Proceedings, she asks the Court to stay all state proceedings to "prevent imminent irreparable harm." (Dkt. 14 at 1). She alleges that there are perjury charges against her in state court, and requests that the Court stop a "retaliatory arrest." (*Id.* at 1-2). Federal courts cannot stay or enjoin state criminal proceedings except in extraordinary circumstances to prevent immediate and irreparable injury. *Younger v. Harris*, 401 U.S. 37, 41 (1971). There are limited exceptions to this doctrine where (1) the pending state proceeding was motivated by a desire to harass or is conducted in bad faith; (2) the plaintiff has demonstrated an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure her; or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions. *Jacobson v. Vill. of Northbrook Mun. Corp.,* 824 F.2d 567, 570 (7th Cir.1987) (internal citations omitted). "[T]he exceptions provide a very narrow gate for federal intervention in pending state criminal proceedings." *Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir.1993).

Powell fails to demonstrate that any of these exceptions apply. First, she does not demonstrate that any state prosecution against her is motivated by a desire to harass or is being conducted in bad faith. She claims that she was questioned for perjury charges and may be arrested in retaliation for bringing this case, but she does not present any specific, plausible evidence to

support these claims. *Arkebauer*, 985 F.2d at 1359 (to proceed under the bad faith *Younger* exception, a plaintiff must "allege specific facts to support an inference of bad faith); *Butler v. City of Chicago*, 2003 WL 21148480, at *2 (N.D. Ill. May 19, 2003) (vague and conclusory allegations of malicious prosecution did not support bad faith exception to *Younger*).

Under the second exception to *Younger* abstention, Powell must demonstrate an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure her. *Moore v. Sims*, 442 US 415, 433 (1979). This exception only applies where "(1) there is no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; and (2) the plaintiff will suffer 'great and immediate' harm if the federal court does not intervene. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 597 (7th Cir. 2007) (citing *Kugler v. Helfant,* 421 U.S. 117, 124–25 (1975)). The only injuries Powell claims are that she and her daughter "could be separate [sic] or worse unalive and setup." (Dkt. 14 at 2). These unsupported allegations do not establish a "threat to [Powell's] federally protected rights that cannot be eliminated by [her] defense" in the state proceedings." *Younger*, 401 U.S. at 46. Finally, Powell does not point to a specific statute she is being prosecuted under in state court, nor argue that such statute is unconstitutional.

Accordingly, Powell fails to establish the type of extraordinary circumstance that warrants an exception under *Younger*. *See, e.g.*, *Doe v. Lindell*, 2023 WL 196467, at *3 (7th Cir. Jan. 17, 2023) (plaintiff's conclusory allegations of judicial conspiracy did not warrant an exception under *Younger*). Powell's Motion to Stay is denied.

### b. Motion for Protective Order

Plaintiff also filed a "Motion for a Qualified Protective Order for Co-Defendant Nolan." (Dkt. 15). She asks the Court to prohibit the Village of Lansing and Phillips, the police chief, from

5

taking any adverse employment actions against Nolan should he provide information or testimony in this case. (*Id.* at 1-2). She also asks the Court to prohibit Phillips from ordering Nolan to engage in any retaliatory acts against her. (*Id.* at 2). Powell does not have standing to assert legal rights on behalf of Defendant Nolan. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004)) ("[A party generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties.") (internal citation omitted); *Bowman v. Jones Coleman*, 2021 WL 6113205, at *4 (N.D. Ill. Dec. 25, 2021) (plaintiff did not have standing to bring claim on behalf of his students). Accordingly, Powell's Motion for a Protective Order is denied.

### c. Motion for Temporary Restraining Order

Finally, Powell filed a "Motion for Emergency Ex Parte for Temporary Restraining Order and Stay of Court Proceedings." (Dkt. 16). Powell's request for a stay of state court proceedings is denied for the reasons stated above. Powell requests a temporary restraining order ("TRO") to enjoin Defendants from "utilizing court notification to coordinate police harassment." (Dkt. 16 at 1). She claims that Defendants are accessing the docket for this case to stalk her and retaliate against her. (*Id.*).

Under Federal Rule of Civil Procedure 65(b), a court may issue a TRO without written or oral notice to the adverse party or its attorney only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1) (emphasis added). An ex parte TRO should be granted only under "extremely limited" circumstances and with "stringent restrictions." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). Such orders should be "restricted to serving their underlying purpose of

preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439.

First, Powell did not certify in writing any efforts she made to give notice to Defendants and the reasons why notice should not be required. *See* Fed R. Civ. P. 65(b)(1)(B). This is enough to deny her Motion. *See, e.g., Eicher Motors Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 794 F. Supp. 3d 543, 551 (N.D. Ill. 2025); *Stoller v. Altisource Residential L.P.*, 2019 WL 13328428, at *1 (N.D. Ill. Mar. 14, 2019) ("Here, [plaintiffs] have not adequately certified in writing their efforts to give notice to opposing counsel. This, in itself, warrants denial of their motion under Federal Rule of Civil Procedure 65(b)."). She also has not submitted an affidavit or verified complaint.

While Powell's procedural failures may be excused based on her *pro se* status, Powell has not established an immediate and irreparable injury that will result before Defendants can be heard in opposition. She claims that within two hours of the Court's April 15, 2026 Order, the Defendants coordinated and initiated a "timed retaliatory strike." (Dkt. 16 at 1). She also claims that Defendants threatened to detain her for questioning and that her three-year-old daughter saw Defendant Phillips in the rear of a vehicle. (*Id.* at 1-2). According to Powell, this constitutes "physical stalking and psychological terrorizing of a minor child." (*Id.* at 1). Powell also claims that Defendants are going to arrest her in retaliation for filing this case. (*Id.* at 2-3). These allegations do not plausibly demonstrate the type of injury required for an ex parte TRO.

In *Raul A. Vasquez, Plaintiff, v. City of Chicago, Defendant*, the plaintiff sought a TRO against two police officers to prevent them from arresting him on pretextual charges. 2024 WL 6984751, at *1 (N.D. Ill. Feb. 12, 2024) The plaintiff alleged that the officers were harassing him

7

by visiting his home and that the harassment was in retaliation for the plaintiff's lawsuit against them. *Id.* The Court concluded that the plaintiff failed to establish that he was entitled to proceed without notice to his opponent, holding that the plaintiff's allegations failed to show that his arrest or further harassment was imminent under Rule 65(b)(1)(A). *Id.* at *2. The same reasoning applies here—Powell's conclusory and unsupported allegations do not give the Court reason to believe that she will be arrested or suffer harassment at any specific future time, much less before the Defendants can be heard. *Id.; see also Luffman v. Collinsville Cmty. Unit Sch. Dist. #10*, 2025 WL 1303479, at *3 (S.D. Ill. May 6, 2025*)* (denying ex parte TRO where plaintiff alleged defendants retaliated against him by appearing at his residence and issuing citations against him). Powell has not satisfied the requirements set forth in Rule 65(b). Accordingly, her Motion is denied.

**CONCLUSION**

For the reasons set forth above, Powell's application to proceed *in forma pauperis* [4] and request for attorney representation [5] are denied without prejudice. The Amended Complaint [10] is dismissed without prejudice. The Court also denies Powell's Motion to Stay [14], Motion for Protective Order [15], and Motion for a Temporary Restraining Order [16]. If Powell wishes to proceed, she must file an amended complaint and request for attorney representation within 30 days of this Order. She also must pay the full statutory filing fee or file an amended IFP application. Failure to do so will result in a dismissal of Powell's Amended Complaint with prejudice for failure to prosecute.

_____
Virginia M. Kendall
United States District Judge

Date: April 22, 2026

9