**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CRYSTAL POWELL, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 26 C 3401 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| VILLAGE OF LANSING IL, | ) | |
| et al., | ) | |
| | ) | |
| *Defendants.* | | |

**OPINION & ORDER**

On April 22, 2026, the Court denied Plaintiff Crystal Powell's original application to proceed *in forma pauperis* ("IFP") and request for attorney representation, dismissed her Amended Complaint without prejudice, and denied her Motion to Stay, Motion for a Protective Order, and Motion for a Temporary Restraining Order. (Dkt. 17). On May 11, 2026, Powell filed duplicate amended IFP applications, (Dkts. 19, 22), and requests for attorney representation, (Dkt. 20-21). She also filed a Second Amended Complaint (Dkt. 24), a Motion for Leave to File a Supplemental Complaint to Join an Additional Defendant (Dkt. 25), and an *ex parte* Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 26). For the reasons stated below, the Court grants Powell's IFP applications [19] [22] and dismisses her Second Amended Complaint [24]. The Court also denies her Motions for Attorney Representation [20] [21], Motion for Leave to File a Supplemental Complaint [25], and Motion for a Temporary Restraining Order and Preliminary Injunction [26] as moot.

**DISCUSSION**

I.    **Ability to Pay the Filing Fee**

1

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to proceed *in forma pauperis* if she is unable to pay the $405 mandated filing fee. *See Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). A plaintiff is eligible to proceed *in forma pauperis* if paying the filing fee would prevent her from purchasing the necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Powell has been unemployed since March 23, 2026. (Dkt. 19 at 1). She is a full-time college student. (*Id.* at 2). Her last monthly take home pay was $300. (*Id.*). She is not married and has no other sources of income, savings, or real estate, stocks, bonds, or other valuable property. (*Id.* at 1-2). Powell has one dependent child, several thousand dollars of unpaid traffic tickets, and student loans. (*Id.* at 2). Powell has demonstrated that paying the $405 filing fee would prevent her from purchasing the necessities of life. Next, the Court must look beyond Powell's financial status and review the sufficiency of the claims made in the Second Amended Complaint ("SAC").

## II. Review of the Complaint

Section 1915(e)(2) requires the Court to screen Powell's SAC and to dismiss it if at any time the Court determines the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S

2

602, 678 (2009). The statement must "give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)). At this stage, the Court accepts all well-pleaded facts as true and "draw[s] all reasonable inferences in the [plaintiff's] favor." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 878 (7th Cir. 2022). The Court liberally construes a *pro se* plaintiff's allegations in a complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Powell brings this action against the Village of Lansing, Lansing Police Chief Alfred Phillips, Lansing Police Officer Ladarius Nolan, attorneys John P. Wise and Erin E. Blake, and the law firm Montana Welch (collectively, "Defendants"). (Dkt. 24) She asserts various claims under 42 U.S.C. §§ 1983 and 1985, including First Amendment retaliation, due process, civil conspiracy, witness tampering, and obstruction of justice. (*Id.*). Her claims stem from allegations that, after she complained about harassment and misconduct by Lansing Police officers, Defendants retaliated against her and conspired to discredit her and interfere with this litigation. (*Id.* at 2-14). According to Powell, Lansing Police officers harassed her and Officer Kenneth Catron because of their association, prompting her to avoid contact with Catron for several months. (*Id.* at 10). Powell also alleges that, after she reported a harassment incident to Lansing Police, Officer Nolan obtained a photograph of her standing near Catron at a Walmart and falsely portrayed it as evidence that she was stalking him. (*Id.* at 10-11).

Powell further claims that Defendant Phillips refused to investigate her complaints, encouraged Catron to seek a baseless order of protection against her, and otherwise used the police department to retaliate against her. (*Id.* at 2-3, 10-12). At the hearing in state court for Catron's protective order against Powell, Catron allegedly acknowledged that Powell had not knowingly

3

followed him and that the Walmart photograph had been sent to him by someone else. (*Id.* at 11). Nonetheless, the state court entered a protective order against Powell. (*Id.* at 2, 11). Powell contends that the proceedings were manipulated by Defendants and that the protective order was improperly obtained. (*Id.* at 2, 11-12). She further asserts that Defendant Wise improperly participated in the protective order hearing and pressured Catron into testifying. (*Id.* at 4-5).

Powell also alleges that Defendant Phillips later stalked and threatened her, that Lansing Police unlawfully monitored her through department databases and flagged her for retaliatory treatment. (*Id.* at 2-3). She sought a protective order against Defendant Phillips in state court, prompting Lansing Police to place him on administrative leave. (*Id.* at 2). In addition, she claims that Defendant Blake improperly participated in a state court hearing and made false statements, and that Montana Welch and its attorneys conspired to obstruct her efforts to challenge the other Defendants' conduct. (*Id.* at 6-9). Powell seeks damages and extensive injunctive and declaratory relief, including restrictions on Lansing Police's monitoring of her, vacatur of the state protective order entered against her, investigations of Defendants Wise and Blake, and disclosure of communications concerning her and Catron. (*Id.* at 2-14).

As this Court explained when denying Powell's previous motions for a temporary restraining order and preliminary injunction, federal courts cannot interfere with state criminal proceedings except in extraordinary circumstances to prevent immediate and irreparable injury. *Younger v. Harris*, 401 U.S. 37, 41 (1971); *see also SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (explaining that the *Younger* doctrine "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings.") (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007)). Despite this, Powell again asks the Court to intervene in ongoing state proceedings against her and

4

initiated by her. Because all elements of the *Younger* doctrine are met and no exceptions apply, Powell's SAC must be dismissed..

Federal courts must "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *FreeEats.com,* 502 F.3d at 596 (quoting *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998)). Here, all four *Younger* factors are met. First, the state proceedings are judicial in nature. *See Taylor v. Marion Cty. Circuit Court No. 1,* 284 F. App'x 354, 357 (7th Cir. 2008) ("[A] lawsuit filed in a state court is undisputably judicial in nature, regardless of the parties involved."). Second, the state court proceedings involve important state issues regarding alleged harassment by and against state law enforcement officers. *See Fick v. Parker*, 2020 WL 4815904, at *4 (N.D. Ill. Aug. 18, 2020) (recognizing that adjudicating state criminal law violations and the behavior of police officers are important state interests). Additionally, the state court proceedings provide Powell with an adequate opportunity to air her claims. Powell does contest that she had timely notice of the protective order proceedings initiated against her. And her unsupported allegations that the state court proceedings are "corrupted" do not convince this Court that the ongoing state court proceedings are inadequate to resolve her grievances. (Dkt. 24 at 12); *see Parejko v. Dunn Cnty. Cir. Ct.*, 209 F. App'x 545, 546-47 (7th Cir. 2006) ("State courts are equally capable of enforcing federal constitutional rights as federal courts"); *Heath v. City of Markham*, 2019 WL 5682828, at *3 (N.D. Ill. Nov. 1, 2019) (state court proceedings are adequate to adjudicate constitutional claims where plaintiffs have timely notice of the proceedings and fail to demonstrate that they are inadequate forums to adjudicate their federal claims).

Finally, Powell has not demonstrated that any exceptional circumstances caution against abstention. There are three exceptions to the rule requiring *Younger* abstention: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions. *Stroman Realty, Inc. v. Martinez,* 505 F.3d 658, 664 (7th Cir. 2007). Powell is not challenging any laws or statutes, so the third exception does not apply. To establish bad faith, a plaintiff must allege specific facts to support an inference of bad faith; the exception requires "more than a mere allegation and more than a conclusory finding." *Am. Acad. of Pediatrics v. Uthmeier*, 2026 WL 1552734, at *14 (N.D. Ill. June 2, 2026) (citing *Collins v. Kendall County*, 807 F.2d 95, 98 (7th Cir. 1986)). This exception is a high bar. *See Bilal v. Wolf*, 2008 WL 11516702, at *1 (N.D. Ill. Mar. 6, 2008) (describing the bad faith exception as a "high threshold and heavy burden); *Runes v. Sherman*, 2001 WL 618976, at *4 (N.D. Ill. May 25, 2001) ("Plaintiffs must meet a high threshold to establish bad faith or harassment as an exception to the *Younger* doctrine."). Powell claims that Defendants conspired to bring a protective order against her in retaliation for her complaints against Lansing Police officers. But "[t]he mere continuation of [a case against the plaintiff] . . . does not constitute harassment, let along harassment for *Younger* purposes." *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 800 (N.D. Ill. 2014). Similarly, Powell's allegations that Lansing Police have access to information about her and hired attorneys to represent it in legal proceedings are not indications of harassment or bias; they are routine actions taken when investigating and prosecution alleged criminal conduct.

Finally, Powell has not demonstrated an "extraordinarily pressing need for immediate equitable relief in federal court." *FreeEats.com*, 502 F.3d at 597. To establish this exception, a

6

plaintiff must show (1) there is no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation" and (2) they will suffer "great and immediate" harm if the federal court does not intervene. *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975). As discussed above, there is no indication that the state court is unable to address and remedy the alleged constitutional violations. Additionally, Powell does not allege in her SAC that she will suffer any immediate harm if the Court does not intervene. (Dkt. 24). Powell alleges in her Motion for a Temporary Restraining Order and Preliminary Injunction that her law school studies, employment, and housing will be disrupted if the state protective order remains in place against her. (Dkt. 26 at 2). Yet, Powell does not indicate that her studies, employment, and housing could not later be restored or that she could not be compensated for any resulting harm. As such, she fails to establish that the potential harm in this case is irreparable. *See Bradley v. Cnty. of Will*, 2011 WL 1456780, at *5 (N.D. Ill. Apr. 14, 2011) (finding that plaintiff failed to demonstrate a need for immediate relief where they did not show that the alleged harm was irreparable).

Powell's SAC and request for injunctive relief are clear attempts to litigate the validity of state court protective orders. In fact, Powell openly asks the Court to vacate a state court order. (Dkt. 24 at 4). This effort to use a federal lawsuit to interfere with active state court proceedings directly conflicts with the explicit purpose of *Younger. See FreeEats.com, Inc.,* 502 F.3d at 595 ("The rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts.") (internal quotations omitted); *SKS & Assocs*, 619 F.3d at 682 ("[W]hen [a] section 1983 action seeks to impose federal supervision on state court proceedings, the federal courts must defer to the state's sovereignty over the management of its courts . . ."). The Court reiterates what it previously held: *Younger* abstention prohibits this Court from

7

exercising jurisdiction over Powell's claims. Accordingly, Powell's SAC is dismissed under 28 U.S.C. § 1915(e)(2), and all other pending motions are denied as moot.

## CONCLUSION

For the reasons set forth above, Powell's applications to proceed *in forma pauperis* [19] [22] are granted. The Court dismisses Powell's SAC [24]. The Court also denies Powell's Motions for Attorney Representation [20] [21], Motion for Leave to File a Supplemental Complaint [25], and Motion for a Temporary Restraining Order and Preliminary Injunction [26].

_____
Virginia M. Kendall
United States District Judge

Date: June 22, 2026